UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| CLINTON E. FRESH and PATRICIA B. FRESH, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| vs. | ) CV-00-PT-3126-E<br>)<br>) |
| MONACO COACH CORPORATION; COLONIAL SALES LEASE RENTAL, INC., et. al., | )<br>)<br>) |
| Defendants. | ) |

## MEMORANDUM OPINION

This cause comes to be heard upon defendants Monaco Coach Corp. ("Monaco"), Deutsche Financial Services Corp. ("Deutsche"), and Colonial Sales Lease Rental, Inc.'s ("Colonial") motions to stay proceedings before this court and to compel arbitration, filed on January 11, January 9, and January 8, respectively. Because all defendants' motions and arguments are basically identical, this court will dispose of all of them together.

### FACTS

On or about November 14, 1998, plaintiffs Clinton and Patricia Fresh ("plaintiffs") purchased a recreational vehicle, manufactured by defendant Monaco, from defendant Colonial. When they purchased the recreational vehicle, the plaintiffs signed a Binding Arbitration Agreement, pursuant to which they agreed that "all disputes . . . resulting from or arising out of the transaction entered into" would be submitted to binding arbitration pursuant to the Commercial Rules of the American Arbitration Association ("AAA"). Arb. Agreement,

1

Deutsche exhibit "C." The arbitration agreement covers every conceivable controversy that could possibly arise between the plaintiffs and defendants, including, but not limited to, the terms of the sales agreement, credit agreement, or financing of the vehicle, the condition of the vehicle, and all applicable warranties or covenants. The plaintiffs signatures appear clearly on the face of the arbitration agreement. Only defendants Colonial and Monaco were signatories to the contract. Defendant Deutsche asserts that it is also entitled to compel arbitration because, as the finance company, it was assigned all of defendant Colonial's rights under the sales agreement, and is therefore a third-party beneficiary.

## ARGUMENT

The defendants argue that the arbitration agreement is enforceable under the Federal Arbitration Act ("FAA"). They assert that the transaction involved interstate commerce, evidenced by the fact that the plaintiff and all of the defendants are citizens of different states. They also note that, in connection with the transaction, funds and various documents crossed state lines.

The defendants argue that the plaintiffs voluntarily entered into the arbitration agreement. They also contend that the claims that the plaintiffs now assert, which arise from the purchase, use, and financing of the recreational vehicle, fall within the scope of the arbitration agreement. They further note that, pursuant to Shearson/American Express, Inc. v. McMahon, 482 U.S. 220, 225-226 (1987), the plaintiff bears the burden of demonstrating why the arbitration agreement should not bind the parties.

## CONCLUSION

This court notes that the plaintiffs have not responded to the defendants' motions. Therefore, since the plaintiffs have not come forward to demonstrate why the arbitration

2

agreement should not bind the parties, and since the agreement appears, otherwise, to be valid and binding, this court will enforce the arbitration provision under the following conditions, to be equitably imposed by the court:

The defendants will, within 15 days, instigate the arbitration proceedings and will remit to the appropriate arbitrators all fees and costs attendant to the arbitration process. The defendants will further agree that the plaintiffs will be entitled, through arbitration, to recover all amounts appropriately due under state or federal law. The fees and costs to be remitted by the defendants will not include attorney fees of the plaintiffs unless and until any such attorney fees may be awarded in arbitration. The defendants will not be allowed to recover any costs or fees unless both the arbitrator(s) and this court determine that the plaintiffs' claims are frivolous. The court will reserve jurisdiction to cause compliance with the arbitration proceedings by all parties. The parties will report to this court, within 25 days, the status of the arbitration process.

This 26th day of February, 2001,

ROBERT B. PROPST
SENIOR UNITED STATES DISTRICT JUDGE

3